Feeeman, J.,
delivered the opinion of the court.
This is a contest for the office of a justice of the-peace in the 14th Civil District of Shelby County,, which district seems to be partly, if not wholly, in the City of Memphis.
The statement of the contestant’s case, made under an order of the court, for the purpose of trying the issue between the parties, is as follows:
In March, 1860, Hume F. Hill and one Mallory were elected justices of the peace for this district.
Mallory died in the spring of 1863. Hill moved to- *258 Arkansas in the fall of that year. An election was 'held under the Military -Government, then in power, in March, 1864, when Hall and Moore were elected to fill the vacant places, — Hall to fill, as is stated, Mallory’s place, and Moore the place of Hill: — but, we take it,'this is unimportant. Hall and Moore continued to act as justices of the peace, taking their places on the bench on the restoration of the county court, after the repeal of the act creating county commissioners, in the winter of 1869.
They continued so to act until the 26th of March, 1870, when the Commissioner of Registration gave notice. that on that day he would hold an election to fill vacancies in the offices of justices of the peace in the 14th district, and for the City of Memphis.
It is proper to remark that the county seat had ¡before this been removed to the city.
At this election, it is alleged that three justices were elected for the district, and that the electors who resided in the part of the district included in the -city elected one.
At this election, the complainant, Burke, Elliott, and the defendant, were candidates, — Gallagher, as he alleges, running against Moore.
Gallagher alleges that he received a majority of the votes cast by the electors of the district, over Moore, but that the judges did not make a true return, but cast out several hundred votes given for him.
A few days after this, Moore, it is alleged, gave Gallagher notice that he would contest Gallagher’s *259 •election, and his right to the office. It seems that he wanted a general contest; for he also contested Burke’s and Elliott’s claims to their offices.
Before a trial was had on the merits, Moore dismissed his contest with Gallagher, and carried it on with Burke and Elliot, until, after some delay, a verdict was agreed on, as it seems, by which Moore was found entitled to the office, and he was soon afterward commissioned (as his own successor, it is alleged), and he still holds the office: — so that Burke, and Elliott, and Moore are all commissioned, and hold office in said district.
Upon these facts, the complainant claims to be ■ entitled to the office of Moore (as we suppose), as the contest is with him alone; and he asks that he have judgment for the same.
The question arising upon this statement is a somewhat difficult one; but we proceed to give our conclusions.
The contest is with Moore alone, and it seems •clear from the proof that Gallagher, as against him, was entitled to the office, having received a majority of the votes, but being counted out by the returning officer, — a convenient modern device by which the result of elections can be decided with certainty in favor of the man deemed fittest for the office, independently of the predilections and prejudices of the electors.
But the question is, whether the complainant in this proceeding is entitled to a judgment in his favor. It appears from the record, that this contest was commenced on the 31st of March, 1871, more than one *260 year after tbe election. It appears that there was a contest by Moore with Gallagher, which was commenced at once, bat was dismissed and ended, and that Moore now has possession of the office, is regularly commissioned, and is exercising its functions.
By section 895 of the Code it is provided: — “Any candidate for justice of the peace, intending to contest the election, shall notify the sheriff of his intention, and the sheriff shall withhold the returns in that case from the Governor until the contest is decided.”
The next section provides that the contestant shall-give ten days notice to the opposing candidate of his intention; and the next, that the county court shall hear and determine the contest. This contest was commenced under these provisions, in the county court.
We think it clear that these sections make provision only for a contest that is to be commenced before the returns are made to the Governoi’, — by the-notice, first to the sheriff, and then to opposing candidates, — for a contest that cannot be commenced after the candidates claiming to have been elected have been inducted into office, by being commissioned and qualified.
Such is the plain meaning and intent of the foregoing sections; and we are not aware of any other provisions of our statutes authorizing a contest of such an election before the county court.
"We are not authorized to change the law as it is written, in order to meet hard cases, but must administer it as we find it.
It is probable, however, that the contestant has a *261 remedy under a different proceeding, provided for by the Code, sections 3409, etc., giving a remedy to parties aggrieved, in cases of usurpation of offices, whereby the contestant’s right may probably be declared, if made out by proof.
We need not examine other difficulties which present themselves, as the foregoing is conclusive of the case.
We are compelled to affirm the judgment of the court below with costs.